McKinney, J.,
delivered the opinion of the Court.
The question for our determination is, what interest does the defendant, Rebecca Davis, take under the will of John Swancy; is it restricted to a life estate, or *267 does slie take the absolute estate, subject to a contingent executory limitation over, in the event ■ of her leaving children at her death ?
The will of the testator, after providing for the sale of all his property, and the payment of some specific legacies, directs that the executors “shall divide all the rest and residue of my estate, of every kind and description, whether the same he- proceeds of the sale of real or personal estate, or debts coming to me, equally between the following named persons, each to receive, share and share alike, to-wit: My son, James 1ST. Swancy; my three daughters, Sarah Yanzant, wife of -- Yanzant; Raney Palmore, wife of James Pal-more ; Rebecca Davis, wife of B. S. Davis; and my step-daughter, Elizabeth Hamilton, wife of Reuben Hamilton ; also, my illegitimate son, John Swancy. But it is my will and desire that the shares of my daughters, Sarah Yanzant, Haney Palmore, Rebecca Davis, and my step-daughter, Elizabeth Hamilton, shall he vested in the hands of a trustee or trustees, for their use and benefit during their natural lives; and at their death, to he equally divided among their bodily heirs.” After providing for the appointment of trustees for the daughters and step-daughter, with power to vest the money of each in land or negroes, the bill proceeds, “which shares of money or property I wish my daughters and step-daughter to have and use during their natural life, not subject to the control or obligations of their respective husbands; and at their death, to be equally divided, among their bodily heirs.”
Rebecca Davis is shill living, hut has no child living, and having reached the age of about sixty years, in the *268 ordinary course of nature, will have no child in future. Her share of the estate is still in the hands of her trustee, who resides in this State. But she and her husband being residents of Kentucky, an application was made to have the fund transferred to the possession of a new trustee appointed in the latter State. To prevent the removal of the fund, was the object of the present bill, which was dismissed on demurrer.
The bill assumes that it was the intention of the testator that Mrs. Davis should take nothing more than a life estate, and such, it is insisted, is the proper construction of the will. The argument is, that as the will makes no disposition of the remainder, in case of Mrs. Davis’s death without child or children; and that event being now morally, perhaps absolutely, certain; the testator must be held to have died intestate as to the remainder interest;- and, consequently, on her death, the heirs at law of the testator will be entitled to it under the statute of distributions. The Chancellor held otherwise, and we think correctly.
The general principle is well established, that where, j by the will,- an absolute gift of the property is made, in the first instance, followed by a limitation over, on the - death of the devisee or legatee; the absolute gift is not taken away by the gift over, unless the gift over may itself take effect. And this principle is decisive of the present case. Here, by the first sentence of the residuary clause, taken by itself, an absolute gift is made to each of the several persons named therein; the three married daughters, and step-daughter, are placed on a footing of perfect equality with the sons — each is to have an equal share. The subsequent provisions of the *269 ■will, vesting the shares of the married women -in trustees, for their separate use during life, with a limitation over to their “ bodily heirs ” (which, in this connection, means children) in the event of leaving children at their deaths, do not affect the principle.
No provision is made for the contingency of the daughters’ dying without children; and this must he taken as evidence of the testator’s intention, that, in such event, the gift should he • absolute, as. it is not to be\ presumed that he intended to die intestate as to any] part of his property. And such is the legal construction. The gift is not subject to any other contingency or limitation beyond that which is expressed, and if that cannot take effect, the gift remains absolute. Eor the limitation over,. in a particular event expressly stated in the will, excludes all presumption of intention that the subject of the gift should go over in any other event.
The result is, that the absolute gift to Mrs.. Davis, by force of the first operative words of the clause, remains in her, except so far as it is taken away by the ex-ecutory bequest over, in favor of her children living at her death; and it is not taken away in the event of her dying without a child or children. Hulme v. Hulme, 16 Eng. Ch. R., 644; 2 Jac. & Walker, 279; Whittell v. Derdin, 15 Eng. Ch. R., 590; Jackson v. Noble, 3 Beav., 443; 1 Jarman on Wills, 782, marg. et seq.
Decree affirmed.